# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| CARL NEAL MURPHY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | NO. 5:10-CV-261 (CAR) |
| VS. | : | |
| | : | |
| BETTY EVANS, *et al.,* | : | Proceedings Under 42 U.S.C. §1983 |
| | : | Before the U.S. Magistrate Judge |
| Defendants. | : | |
| _____ | : | |

## RECOMMENDATION TO GRANT SUMMARY JUDGMENT

Before the Court is an unopposed Motion for Summary Judgment filed by Defendant Nurse Betty Evans. Doc. 17. For the following reasons, it is **RECOMMENDED** that the Motion for Summary Judgment be **GRANTED**.

### BACKGROUND

Plaintiff Carl Neal Murphy filed the above-captioned 42 U.S.C. §1983 alleging, among other things, that Defendant Nurse Betty Evans was deliberately indifferent to his serious medical needs in that she improperly changed or withheld medications needed to control his diabetes. Plaintiff contends that he suffered blurred vision, headaches, increased blood pressure, shaking, confusion, abdominal pains, and other symptoms as a result of the denial of his medications.

After the close of discovery, Defendant Nurse Betty Evans filed the instant Motion for Summary Judgment. The Court directed Plaintiff to prepare and file a response within thirty days. Doc. 19. Plaintiff failed to comply with this order. Consequently, the Court entered a second order directing Plaintiff to show cause for his failure to respond. Doc. 20. Plaintiff also failed to comply with this order.

In view of Plaintiff's failure to respond to the Defendant's motion or the Court's order to show cause, it appears that he has abandoned his claims. Nevertheless, before entering summary judgment for the Defendants, it is the responsibility of the Court to ensure that summary judgment is warranted under Rule 56 of the Federal Rules of Civil Procedure.

LEGAL STANDARDS

**Summary Judgment**

Summary judgment is proper if the evidence shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure. The movant bears the burden of establishing the absence of a dispute over a material fact. Reynolds v. Bridgestone/Firestone, Inc., 989 F.2d 465, 469 (11th Cir.1993). The evidence and factual inferences from the evidence are viewed favorably to the party opposing summary judgment. Reynolds, 989 F.2d at 469. However, when "a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleadings. Rather, the non-movant's response must, by affidavits or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure, set out specific facts showing a genuine issue for trial.

The moving party must meet its burden even if the non-moving party fails to respond to a motion for summary judgment. Courts "cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Florida, 363 F.3d 1099, 1101 (11th Cir. 2004). In considering the merits of an unopposed motion for summary judgment, a court

> need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment.

Id. at 1101-02. In other words, the court cannot simply accept the facts stated in a moving party's statement of material facts as true, but must review the movant's citations to the record and confirm there are no genuine issues of material fact. Id. at 1103 n. 6. Pursuant to Rule 56(c), the court "need consider only the cited materials, but it may also consider other materials in the record."

## DISCUSSION

Plaintiff has failed to file any response in opposition to the Defendant's Motion for Summary Judgment. Consequently, for purposes of determining whether the Defendant is entitled to summary judgement, the Court accepts as accurate and will rely upon the assertions of fact contained within the affidavits and other documentary evidence submitted in support of the instant motion. The Court will nevertheless view the evidence and all factual inferences from the evidence in the light most favorable to the Plaintiff.

### Medical Treatment Claim

As indicated above, Plaintiff alleges that the Defendant Evans, by improperly changing or withholding medications needed to control his diabetes, failed to provide him with constitutionally adequate medical care. The evidence submitted by Defendant, including Plaintiff's medical records and the affidavit of Defendant, shows that Plaintiff regularly received prescribed medications for his diabetes, as well as other treatment, including a special diet. This evidence is sufficient to show that there are no genuine issues of material fact and that Defendant is entitled to judgment as a matter of law.

To establish a violation of the Eighth Amendment related to medical treatment, a prisoner must allege acts or omissions sufficiently harmful to evidence "deliberate indifference to a serious medical need." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To show deliberate indifference, the prisoner must satisfy both an objective and a subjective component. Hill v. DeKalb Regional Youth

Detention Center, 40 F.3d 1176, 1186 (11th Cir. 1994) ), overruled in part on other grounds, Hope v. Peltzer, 536 U.S. 730 at 739 (2002), (citing Wilson v. Seiter, 501 U.S. 294 (1991) (subjective component), Whitley v. Albers, 475 U.S. 312 (1986)(subjective component), and Rhodes v. Chapman, 452 U.S. 337 (1981)(objective component). To satisfy the objective component, a prisoner must demonstrate that he has a serious medical need. Id. See also Hudson v. McMillian, 503 U.S. 1, 9 (1992)); Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000). To satisfy the subjective component, a prisoner must show that a defendant knowingly and intentionally refused to provide treatment for the aforementioned need. Hill, 40 F.3d at 1186; Mandel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989). See also Farmer v. Brennan, 511 U.S. 825 (1994)(noting that deliberate indifference requires a sufficiently culpable state of mind and can only be satisfied by showing that a prison official knew of and disregarded an excessive risk to inmate health or safety); Cottrell v. Caldwell, 85 F.3d 1480, 1490-91 (11th Cir. 1996).

The undisputed evidence in this case shows that Plaintiff was an inmate at the Twiggs County Jail for one month, between June 2, 2010, and July 8, 2010. When Plaintiff was first transferred to the jail from another county, he informed jail authorities that he was an insulin dependant diabetic. In addition, Plaintiff complained of blurred vision, unsteady gate, tingling in his legs.

In her affidavit, Defendant testifies that she contacted Plaintiff's physician Dr. Cyler Garner, to discuss Plaintiff's medical need. Dr. Garner described Plaintiff's medication regime as well as his need for a diabetic diet. Pursuant to this information, Defendant Evans arranged for Plaintiff to receive these medications and diet. The medical records show that Plaintiff received prescribed medications on a daily basis. His medications included metformin, lantus insulin, and glucotrol.

Defendant Evans also monitored Plaintiff's blood sugar on a daily basis and routinely provided Dr. Garner with updates about Plaintiff's medical condition. On June 30, 2010, Plaintiff had a consultation with Dr. Garner, who changed his prescriptions. The records show that Defendant Evans administered the new prescriptions as directed.

There is no genuine issue of material fact regarding the medical care Plaintiff received during his short stay at the Twiggs County Jail. The medical records show that Plaintiff received a level of care that was adequate and consistent with the requirements of the Eighth and Fourteenth Amendments. Because the evidence is not sufficient to permit a reasonable jury to find that Defendant Evans knowingly and intentionally refused to provide Plaintiff with necessary medical treatment or exhibited deliberate indifference to Plaintiff's medical needs, Defendant is entitled to judgment as a matter of law.

Accordingly, it is **RECOMMENDED** that the Defendant's Motion for Summary Judgment be **GRANTED**.

In addition to Defendant Evans, Plaintiff also named Dr. Cyler Garner as a Defendant in this action. Though Plaintiff's claims against Dr. Garner survived the Court's 28 U.S.C. §1915 review, the Court has been unable to serve him with this action using the information provided by Plaintiff. See Doc.11 and Doc.13. For this reason, and pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the Plaintiff's claims against Dr. Garner would ordinarily be dismissed without prejudice. However, in view the Plaintiff's failure prosecute this action as evinced by his failure to comply with Court's orders to respond to Defendant Evans' Motion for Summary Judgment or order to show cause for his failure to respond, **IT IS RECOMMENDED** that Plaintiff claims against Dr. Garner be **DISMISSED** with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

Though it may prove to be an exercise in futility, the Clerk is directed to serve Plaintiff at the last address provided by him.

**SO RECOMMENDED**, this 26th day of April, 2011.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge